UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Lexington)

| | |
|---|---|
| RONALD SATISH EMRIT, | ) |
| Plaintiff, | ) Civil Action No. 5: 23-110-DCR |
| v. | ) |
| SABINE AISHA JULES, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Ronald Satish Emrit is a resident of Sarasota, Florida. Emrit has filed a *pro se* Complaint [Record No. 1] as well as a motion for leave to proceed *in forma pauperis* [Record No. 3]. Emrit states in his Complaint that he is filing suit against Sabine Jules, his former spouse, whom he believes now resides somewhere in Broward County, Florida. He seeks to obtain an annulment of their 2002 marriage. [*See* Record No. 1 at 3-4.] Emrit makes the following state law claims against Jules: (1) tortious interference with family relations; (2) tortious interference with business relations; (3) nuisance; (4) invasion of privacy through intrusion upon seclusion; and (5) intentional infliction of emotional distress. *Id*. at 6-9.

The facts giving rise to the plaintiff's claims, albeit ambiguously described, appear to have transpired in Florida, Arizona, and perhaps Texas. *See id*. Emrit reiterates that he does not seek monetary damages, only injunctive relief in the form of an annulment. [Record No. 1 at 9-10] Although he asserts only claims arising under state law, Emrit contends that this Court has subject matter jurisdiction over his claims "because this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of

1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause." Emrit also asserts that "there is complete diversity of jurisdiction between the Plaintiff and the five defendants, given that the plaintiff lives in Sarasota, Florida and no longer in Fort Worth, Texas." *Id*. at 5.

As two other judges in this District have recently noted, Emrit has an established history of engaging in frivolous and abusive litigation. *See Emrit v. Univ. of Miami School of Law*, No. 5:23-CV-87-GFVT (E.D. Ky. 2023); *Emrit v. Attorney Kara Pratt of Hillsboro, Texas*, No. 5:23-CV-88-CHB (E.D. Ky. 2023). Since 2013, Emrit has filed several hundred frivolous lawsuits and appeals in federal courts throughout the country. *See Emrit v. University of Miami School of Law*, No. 1:23-cv-20847, at R. 4 (S.D. Fla. 2023) (discussing Emrit's extensive litigation history at length).

In this case, the defects in Emrit's filing are readily apparent. He names only one defendant (not five as he suggests), and she neither resides in this District nor did any of the events about which he complains transpire in Kentucky. Because the reach of Kentucky's long-arm statute is not co-extensive with the limits of federal due process, a plaintiff must establish that the actions of the defendant which provide the basis for his claims must fit within one of the enumerated categories set forth in Ky. Rev. Stat. § 454.210(2)(a). *See Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 57 (Ky. 2011). None of those categories apply because the defendant resides in Florida and the actions complained of occurred entirely outside the Commonwealth of Kentucky. Thus, Emrit cannot establish the required relationship between his claims and Kentucky.

Second, the exercise of personal jurisdiction over a nonresident defendant for claims arising from her acts done outside of and unrelated to this jurisdiction would not be consistent

with the principles of due process. *Cf. Cardona v. Bledsoe*, 596 F. App'x 64, 66 (3d Cir. 2015); *Gowadia v. Stearns*, 596 F. App'x 667, 669 (10th Cir. 2014). The Court therefore lacks personal jurisdiction over the Defendant. Even if that were not so, venue would be improper in Kentucky. *See* 28 U.S.C. § 1391(b).

Next, the Court plainly lacks subject matter jurisdiction over this action. A federal court must determine if it possesses subject matter jurisdiction in each case and may raise the issue upon its own motion. *Estate of Cornell v. Bayview Loan Servicing, LLC*, 908 F.3d 1008, 1011 (6th Cir. 2018); *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). As the plaintiff asserting that the Court has jurisdiction over his claims, Emrit bears the burden of establishing it. *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 794 (6th Cir. 2015) (*citing Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011)).

The Court may exercise subject matter jurisdiction if there is complete diversity of citizenship between the parties and the plaintiff seeks damages in excess of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). But Emrit affirmatively indicates both that he and Jules reside in Florida and that he does not seek damages at all. Thus, this Court cannot exercise diversity jurisdiction in this matter. But even if it could, the Court would be barred from exercising diversity jurisdiction under the domestic relations exception, which squarely applies where "a plaintiff positively sues in federal court for divorce, alimony, or child custody . . ." *Chevalier v. Est. of Barnhart*, 803 F.3d 789, 795 (6th Cir. 2015) (*quoting Catz v. Chalker*, 142 F.3d 279, 292 (6th Cir. 1998), *overruled on other grounds by Coles v. Granville*, 448 F.3d 853, 859 n.1 (6th Cir. 2006)).

A district court may also exercise "federal question" jurisdiction pursuant to 28 U.S.C. § 1331, but Emrit's claims do not present a substantial federal question. It is true that a federal cause of action is not a *sine qua non* for federal question jurisdiction to exist. *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 320 (2005). However, if a federal claim is not asserted, the complaint must demonstrate "that a controversy respecting the construction and effect of the [federal] laws is involved and is sufficiently real and substantial." *Id*. at 316 (*quoting Hopkins v. Walker*, 244 U.S. 486, 489 (1917)).

Here, Emrit makes only an unexplained reference to a handful of federal laws, but several of them plainly have no relevance at all to his claims, and his factual allegations do not establish or even suggest the relevance of the remainder. Emrit's Complaint fails to present a substantial federal question with respect to his effort to obtain a federal forum to annul his Nevada marriage. Accordingly, it is hereby

**ORDERED** and **ADJUDGED** as follows:

1. Plaintiff Emrit's motion to proceed *in forma pauperis* [Record No. 3] is **DENIED**.

2. Plaintiff Emrit's Complaint [Record No. 1] is **DISMISSED** for lack of subject matter jurisdiction.

3. This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated: April 11, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky